IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE KLEIN, )<br>)<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>ANDY MOON, *et al.*, )<br>)<br>　　　Defendants. ) | Case No. CIV-06-200-HE |

## **REPORT AND RECOMMENDATION**

Plaintiff Ronnie Klein is a pretrial detainee complaining about the conditions of his confinement. The Court should summarily dismiss the action without prejudice based on nonexhaustion of administrative remedies.[1]

## **Background**

The suit consists of two parts.

The first part is contained in the original complaint. There the named defendants are Andy Moon and the Comanche County Jail. Civil Rights Complaint Pursuant to 42 U.S.C. §1983 at p. 1 (Feb. 27, 2006). In the original complaint, Mr. Klein alleges improper opening of his mail and the confiscation of the contents. *Id.*, *passim*. For this claim, Mr. Klein alleges that he had filed a grievance two weeks before the commencement of the action. *Id.* at p. 2; *see also id.* at p. 5 (alleging the filing of "request to staff/grievance").

---

[1] The Court can address the exhaustion issue *sua sponte*. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).

The second part of the action consists of a supplemental complaint. For this part, the named defendants are Lt. Keller, D.O. Steirs, and D.O. Wiggins. Supplement to Above Styled Case at p. 1 (Mar. 7, 2006). In this part of the action, Mr. Klein alleges that the officers had "entered [his] cell for shake-down" and "impounded" his towel and books. *Id.* at pp. 1-2. The Plaintiff claims that he had sought relief "by personal appeal" to jail officials. *Id.* at p. 2.

## Nonexhaustion of Available Administrative Remedies

Mr. Moon and the Comanche County Jail allege nonexhaustion of administrative remedies, addressing only the claims in the first portion of the suit. They disregard the second part, and Defendants Keller, Steirs, and Wiggins have apparently not been served with process.

The parties disagree over the sufficiency of Mr. Klein's alleged grievance to exhaust the claims in the original complaint. But the Plaintiff has clearly failed to adequately allege exhaustion for the claims in the supplemental complaint. As a result, the Court should summarily dismiss the entire action without prejudice to refiling. The dismissal would effectively moot the motion to dismiss filed by Mr. Moon and the Comanche County Jail.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). The prisoner must

plead and prove satisfaction of the statutory exhaustion requirement. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003). When the prisoner fails to comply with this duty for even a single claim, the Court must ordinarily dismiss the entire action. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

The Comanche County Jail has a procedure for administrative complaints.[2] First, the pretrial detainee must attempt informal resolution with a "Request to Staff" form. *See* Comanche County Detention Center Inmate Handbook at p. 9 (Jan. 1, 2004).[3] If the complaint is unresolved at that step, the detainee may file a formal "grievance." *See id.*; *see also supra* note 3.

The Court may assume *arguendo* that Mr. Klein had adequately alleged the filing of a grievance on the claims in the original complaint. But Mr. Klein clearly failed to allege a basis for exhaustion on his supplemental claims. In the supplemental complaint, Mr. Klein

---

[2]   Mr. Klein alleges that the grievance procedures had not been posted. *See* Response at p. 1 (May 17, 2006). This allegation is deficient as a matter of law because exhaustion would be necessary even if the administrative policies had not been posted. *See Turrietta v. Barreras*, 91 Fed. Appx. 640, 642 (10th Cir. Feb. 5, 2004) (unpublished op.) (rejecting the plaintiff's argument that "he [had] never [been] informed of the grievance procedure"); *Gonzales- Liranza v. Naranjo*, 76 Fed. Appx. 270, 272-73 (10th Cir. Oct. 2, 2003) (unpublished op.) ("even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with [the Prison Litigation Reform Act's] exhaustion requirement"); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) ("as the magistrate judge noted, [the prisoner plaintiff] provides no authority for his assertion 'that the [Assistant Attorney General] should have advised [him] of the need to follow [the Bureau of Prisons] administrative procedures'" (citation omitted)). Thus, even if jail officials had failed to post the grievance procedures, exhaustion would not be excused.

[3]   The Court may consider "administrative materials" to determine whether the plaintiff has adequately alleged exhaustion of administrative remedies. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003).

Case 5:06-cv-00200-HE   Document 29   Filed 05/31/06   Page 4 of 5

alleges a "shake-down" and "impound[ment]" of his towel and books. *Supra* p. 2. For these claims, Mr. Klein states that he made a "personal appeal" to jail officials. *See supra* p. 2. But the administrative procedure requires the filing of a grievance and a "personal appeal" would not suffice.[4] Because Mr. Klein has not pled and proven exhaustion on the claims in the supplemental complaint, the Court should dismiss the entire action[5] without prejudice.[6]

## Notice of Right to Object

The parties may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is June 21, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would constitute a waiver of the parties' right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4]  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (stating that the doctrine of substantial compliance does not apply to exhaustion under 42 U.S.C. § 1997e); *see also Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. Oct. 2, 2003) (unpublished op.) ("Giving notice of his claims by means other than the prison's available grievance process does not satisfy [the Prison Litigation Reform Act's] exhaustion requirement." (citation omitted)).

[5]  *See supra* p. 3.

[6]  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice.").

**Docketing Instructions**

Upon affirmance or waiver of the right to appeal,[7] the suggested dismissal would count as a "prior occasion" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2000).[8]

The referral to the undersigned is terminated.

Entered this 31st day of May, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[7] *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.").

[8] *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)).